IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICK D. LANGE, Chapter 7 Trustee of In re Negus-Sons, Inc. and as Chapter 7 Trustee of In re Netal, Inc., performing the duties of the Administrator of the of the NEGUSSONS, INC. AND AFFILIATES DAVIS BACON PENSION PLAN a/k/a NETAL, INC. AND AFFILIATES DAVIS BACON PENSION PLAN a/k/a OAK RIDGE COMPANY DAVIS BACON PENSION PLAN per 11 U.S.C. § 704(a)(11),<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY SCOTT NEGUS; GREGORY DAVID NEGUS; and OAK RIDGE COMPANY OF C.B., LTD.,<br><br>Defendants. | 4:14-CV-3186<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on Plaintiff Rick D. Lange's Motion for Default Judgment Against Defendant Jeffrey Scott Negus (filing 21). Federal Rule of Civil Procedure 55 sets forth a two-step process for obtaining a default judgment. First, the movant must obtain an entry of default under Rule 55(a). *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Only then may the party seek entry of judgment on the default under Rule 55(b). *Id.* This two-step process reflects a judicial preference for adjudication on the merits, and allows the defendant one last chance to avoid default judgment—it is easier to obtain relief from a default order than a default judgment. *Id.* at 783–84; *see also* Fed. R. Civ. P. 55(c).

  Plaintiff has skipped straight to the second step. The Court will, however, construe Plaintiff's motion as requesting both entry of default and entry of default judgment. So construed, the Court finds that Plaintiff is

entitled to entry of default under Rule 55(a). The record shows that Jeffrey Negus was served in October 2014, and that the time for him to plead or otherwise defend under Fed. R. Civ. P. 12 has long since passed with no response. Therefore, Plaintiff is entitled to entry of default against Jeffrey Negus.

The Court will allow Jeffrey Negus 10 more days to respond, and to show why entry of default should be set aside under Fed. R. Civ. P. 55(c). If, by July 31, 2015, he has not responded, the Court will consider the remainder of Plaintiff's motion, for entry of default judgment. At that time, default judgment may be entered without further notice. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Default Judgment Against Defendant Jeffrey Scott Negus (filing 21), construed as a motion for entry of default and entry of default judgment, is granted in part, as set forth above.

2. Default in this action is entered in accordance with Fed. R. Civ. P. 55(a).

3. If, on or before July 31, 2015, defendant Jeffrey Negus has not responded, the Court will consider Plaintiff's motion for default judgment. At that time, the Court may enter default judgment without further notice.

4. The Clerk's Office is directed to mail a copy of this order to defendant Jeffrey Negus at his address of record.

Dated this 21st day of July, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge